IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-11180
Summary Calendar

_____


JEFFREY L. ESTEP,

Plaintiff-Appellant,

versus

DALLAS COUNTY, TEXAS, ET AL.,

Defendants,

WILLIAM F. PEACE; CONLEY, Officer; J C QUILLEN,

Defendants-Appellees.
_____

Appeal from the United States District Court for the
Northern District of Texas
USDC No. 3:95-CV-799

_____

August 26, 1998

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

Jeffrey L. Estep appeals the district court's grant of summary judgment in favor of defendants William F. Peace; Officer Conley, and J. C. Quillen. In ruling on a summary judgment motion, a court must review the facts drawing all inferences most favorable to the party opposing the motion. See Newell v. Oxford Management, Inc., 912 F.2d 793, 795 (5th Cir. 1990). The district court assumed that the initial traffic stop was properly made for speeding, although

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Estep submitted a verified response to a magistrate judge's interrogatory contesting that he had been speeding. Estep, however, has abandoned this argument on appeal.

The court, however, also assumed (1) that the exchange between Officer Peace and Estep began when Peace requested Estep's driver license; whereas, Estep has submitted competent summary judgment evidence that Peace began the encounter by demanding to know whether he had a weapon; (2) that Estep "waved" a canister of mace in Peace's face; whereas, Estep has submitted competent summary judgment evidence that he merely showed Peace that he had a canister of mace in response to the officer's question about whether he had any weapons; (3) that Estep then refused to answer Peace's question about whether he had a weapon or to cooperate with Peace anymore; whereas, Estep has submitted competent summary judgment evidence that he answered Peace's questions and cooperated with him until Officer Quillen began to search his vehicle. The factual recitation made in the district court's memorandum opinion and order thus does not consider facts set forth in Estep's affidavit or other summary judgment evidence.

Estep's motion to correct judgment is DENIED AS MOOT. The case is REMANDED to the district court for reconsideration of the summary judgment motion in the light of competent summary judgment evidence submitted by all parties. This court expresses no opinion on whether summary judgment would be appropriate when all factual inferences are made in favor of Estep, and leaves the initial

application of the law to these facts to the district court. The district court should consider, in addition to whether the search was unlawful, whether such unlawfulness is actionable under § 1983. See Bigford v. Taylor, 896 F.2d 972, 975 (5th Cir. 1990)("[t]he analysis of whether a warrantless search was reasonable is not the equivalent of whether an officer participating in an unreasonable search is entitled to qualified immunity").

Estep also argues that the district court erred in making various rulings on non-dispositive discovery motions and in striking his motion for summary judgment. The district court's decisions in these matters are AFFIRMED. See Richardson v. Henry, 902 F.2d 414, 417 (5th Cir. 1990); Fed. R. Civ. P. 56(f).

Motion to Correct Judgment DENIED AS MOOT;
AFFIRMED in part; VACATED and REMANDED in part.